UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROY TAYLOR,

                Plaintiff,

-against-

NEW YORK STATE DEPT OF CORRECTION
EMPLOYEES, et al.,

                Defendants.

1:22-CV-9747 (ALC)

ORDER OF SERVICE

ANDREW L. CARTER, JR., United States District Judge:

      Plaintiff Roy Taylor, who is currently incarcerated in the Auburn Correctional Facility ("Auburn"), brings this *pro se* action asserting claims of federal constitutional violations and claims under state law. He seeks damages, and sues the following defendants: (1) "New York State Dept of Correction Employees"; (2) New York City Correction Commissioner Molina; (3) unidentified New York City Department of Correction ("DOC") employees; (4) unidentified "John Doe 4 Auburn Medical ADM"; (5) unidentified "Healthcare Provider Jane Doe 4"; (6) Anna M. Kross ("AMKC") Correction Officer Whyte; (7) AMKC Correction Officer Carter; (8) unidentified AMKC employee "John Doe 1"; (9) unidentified "AMKC Med ADM John Doe 2"; (10) unidentified AMKC "Jane Doe 1 Cashier"; (11) unidentified AMKC "Jane Doe 2 GO Officer"; (12) "West Facility Foot Dr Goldberg"; and (13) unidentified "Bellevue Hand Dr Jane Doe 5." The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983, as well as associated claims under state law.

By order dated December 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] As discussed below, the Court: (1) requests that Correction Commissioner Molina, and Correction Officers Whyte and Carter waive service of summonses; (2) directs service on Defendant Goldberg; (3) directs the identified defendants to comply with Local Civil Rule 33.2; (4) directs the New York City Corporation Counsel, counsel for NYC Health + Hospitals ("H+H"), as well as counsel for Physician Affiliate Group of New York, P.C. ("PAGNY") to provide to Plaintiff and to the Court the identities, service addresses, and, if appropriate, badge numbers of the unidentified "John Doe" and "Jane Doe" defendants involved in those claims for which this court is a proper venue; and (5) severs those claims arising from events that have allegedly occurred at Auburn, and transfers them to the United States District Court for the Northern District of New York.

## DISCUSSION

**A.     Commissioner Molina, and Correction Officers Whyte and Carter**

The Court directs the Clerk of Court to notify the DOC and the New York City Law Department of this order. The Court requests that New York City Correction Commissioner Molina, Correction Officer Whyte (assigned to the AMKC on December 13, 2021), and Correction Officer Carter (assigned to the AMKC on December 13, 2021) waive service of summonses.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

B.    **Defendant Goldberg**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Goldberg through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Goldberg. The Clerk of Court is further instructed to issue a summons for Defendant Goldberg and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Goldberg.

If the complaint is not served on Defendant Goldberg within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.    **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date that a summons is issued.

requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service or other notice of the complaint, the identified defendants (Defendants Molina, Whyte, Carter, and Goldberg) must serve responses to those standard discovery requests. In their responses, those defendants must quote each request verbatim.[3]

**D.     Severance and Transfer of Claims**

Plaintiff asserts claims arising from events that allegedly occurred in Auburn, which is located in Cayuga County, New York. He has alleged no facts, however, showing why this court is proper venue for such claims. Under 28 U.S.C. § 1391(b), a federal civil action may generally be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(1), (2).

Plaintiff names as Defendants "New York State Dept of Correction Employees," which appears to be a reference to employees of the New York State Department of Corrections and Community Supervision (DOCCS), the state agency that operates Auburn, as well as an

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

unidentified Defendant "John Doe 4 Auburn Medical ADM"; those defendants appear to be assigned to Auburn. Plaintiff, however, does not allege any facts showing where those defendants reside for the purpose of determining venue under Section 1391(b)(1). Yet, Plaintiff does allege that the alleged events giving rise to some of his claims have occurred at Auburn, in Cayuga County, which is within the Northern District of New York. *See* 28 U.S.C. § 112(a). Such alleged events, thus, have taken place outside this judicial district and, therefore, venue for the claims arising from those alleged events is not proper in this court under Section 1391(b)(2). Because Plaintiff alleges that those alleged events have occurred at Auburn, under Section 1391(b)(2), the United States District Court for the Northern District of New York is a proper venue for any claims arising from those alleged events.

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)") (internal quotation marks and citation omitted, alteration in original). Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Under Rule 21, the Court severs Plaintiff's claims arising from events that have allegedly occurred at Auburn, including Plaintiff's claims against "New York State Dept of Correction Employees" and unidentified Defendant "John Doe 4 Auburn Medical ADM," and transfers

those claims to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1406(a).

**E.     Unidentified Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC, H+H, and PAGNY to identify the unidentified defendants who are or were allegedly involved in claims for which this court is a proper venue. Those unidentified defendants include the following individuals: (1) those members of the AMKC correctional personnel who, on or about December 21, 2021, woke Plaintiff from sleep in his AMKC cell, ordered him to submit to a body search, and sprayed a chemical agent on him; (2) those members of the AMKC medical staff who, on or about December 21, 2021, responded to Plaintiff's requests for medical attention on that date; (3) those members of the AMKC medical staff who, on December 13, 2021, responded to Plaintiff's request that they take his temperature or provide him medical treatment on that date; (4) those members of the AMKC staff who, in 2021, refused to allow Plaintiff to pay, from his facility trust-fund account, 10% of his bail amount that was due at the New York Supreme Court, New York County; (5) those healthcare providers who, in 2021, treated Plaintiff for a cyst or lump on his left hand, either while Plaintiff was held in a facility on Rikers Island, or at the Bellevue Hospital Prison Ward or at the Bellevue Hospital Center; and (6) those members of the AMKC correction personnel (a correction captain and a correction officer) who, on or about July 2019, seized items of Plaintiff's clothing (including shoes) that had been mailed to Plaintiff.

It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the DOC, as well as counsel for H+H, and counsel for PAGNY must ascertain the identities, service addresses, and if applicable, badge numbers of each unidentified

"John Doe" or "Jane Doe" defendant whom Plaintiff seeks to sue here.[4] The Corporation Counsel, counsel for H+H, and counsel for PAGNY must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order requesting that the newly identified DOC defendants waive service of summonses and/or directing service on the newly identified H+H and PAGNY defendants.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order and an information package to Plaintiff.

The Court also directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that New York City Correction Commissioner Molina, Correction Officer Whyte (assigned to the AMKC on December 13, 2021), and Correction Officer Carter (assigned to the AMKC on December 13, 2021) waive service of summonses.

---

[4] If an unidentified defendant is a current or former DOC employee or official, the Corporation Counsel should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If an unidentified defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Corporation Counsel, counsel for H+H, or counsel for PAGNY must provide an address where that individual may be served.

The Court further directs the Clerk of Court to issue a summons for Defendant Goldberg; complete a USM-285 form with the address for Defendant Goldberg; and deliver all documents necessary to effect service on Defendant Goldberg to the U.S. Marshals Service.

The Court additionally directs the identified defendants (Defendants Molina, Whyte, Carter, and Goldberg) to comply with Local Civil Rule 33.2 within 120 days of service or other notice of the complaint.

Under Rule 21 of the Federal Rules of Civil Procedure, the Court severs Plaintiff's claims that arise from events that have allegedly occurred at Auburn, including Plaintiff's claims against "New York State Dept of Correction Employees" and unidentified Defendant "John Doe 4 Auburn Medical ADM," and transfers those claims to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1406(a).

Moreover, the Court directs the Clerk of Court to mail a copy of this order and the complaint to: (1) the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007; (2) NYC Health + Hospitals, at 50 Water Street, New York, New York 10004; and (3) Physician Affiliate Group of New York, P.C., Correctional Health Services, at (i) c/o Gwendolyn Renee Tarver, 49-04 19th Avenue, 1st Floor, Astoria, New York 11105, and at (ii) 420 Lexington Avenue, Suite 1750, New York, New York 10170.

An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:
    New York, New York
    January 5, 2023

                             ANDREW L. CARTER, JR.
                             United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Allan Goldberg, MD
c/o Gwendolyn Renee Tarver
PAGNY-Correctional Health Services
49-04 19th Avenue, 1st Floor
Astoria, New York 11105