UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROY TAYLOR,

                             Plaintiffs,

   v.                                                        9:23-CV-0017
                                                                   (TJM/ATB)

SERGEANT THOMAS,

                             Defendant.

---

APPEARANCES:

ROY TAYLOR
Plaintiff, pro se
22-B-2111
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION

Pro se plaintiff Roy Taylor ("plaintiff") commenced this action by filing a complaint and application to proceed in forma pauperis ("IFP") in the United States District Court for the Southern District of New York ("Southern District") in November 2022.  Dkt. No. 2 ("Compl.") and Dkt. No. 1 ("IFP Application").  By Order filed on December 16, 2022, Chief District Judge Laura Taylor Swain granted plaintiff's IFP Application.  Dkt. No. 4.  By Order filed on January 5, 2023, District Judge Andrew L. Carter, Jr. severed and transferred plaintiff's claims that arose from events that allegedly occurred at Auburn Correctional Facility ("Auburn

1

C.F.") to this District. Dkt. No. 6.

In a Decision and Order filed on February 9, 2023 (the "February Order"), this Court reviewed the sufficiency of the claims that arose from events that allegedly occurred at Auburn C.F. in accordance 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 8. The Court dismissed all claims, without prejudice, for failure to state a cause of action. *Id*. In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*.

On March 21, 2023, plaintiff submitted an amended complaint. Dkt. No. 11. The caption of the amended complaint identified only "John Doe Defendants and Auburn Employees" as defendants. *See id*. However, throughout the pleading, plaintiff identified several individuals as defendants. *See id.* In a Decision and Order filed on April 6, 2023 (the "April Order"), the Court accepted the amended complaint as the operative pleading. Dkt. No. 13. In light of plaintiff's pro se status, the Court directed the Clerk of the Court to amend the docket report to include the following individuals as defendants: Deputy Warden Lowe ("Lowe"), Correctional Officer John Doe #4 (C.O. John Doe #4), Correctional Officer Smith ("Smith"), Correctional Officer O'Harroll ("O'Harroll"), Cashier Amy L. Vantassell ("Vantassell"), Sergeant Thomas ("Thomas"), Cayuga County Clerk Susan M. Maleski ("Maleski"), Correctional Officer Crawford, Correctional Officer McConnell, and Deputy of Security Doe ("Deputy Doe"). *Id*. Upon review of the pleading, the Court found that plaintiff's First Amendment retaliation claim against defendant Sergeant Thomas ("Thomas") survived the Court's review and required a response. *Id.* All remaining claims were dismissed. *Id*.

Presently before the Court is plaintiff's motion for reconsideration. Dkt. No. 16.

## II. DISCUSSION

### A. Legal Standard

Motions for reconsideration proceed in the Northern District of New York under Local Rule 60.1. "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *See Maye v. New York*, No. 1:10–CV–1260, 2011 WL 4566290, *2 n. 6 (N.D.N.Y. Sept. 29, 2011) (quoting *C–TC 9th Ave. P'ship v. Norton Co.* (*In re C–TC 9th Ave. P'ship* ), 182 B.R. 1, 2 (N.D.N.Y. 1995) ). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.' " *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

### B. The April Order and Plaintiff's Motion

In the April Order, the Court construed the amended complaint liberally to include First Amendment access-to-court claims, First Amendment retaliation claims; Fourteenth Amendment due process claims, and Eighth Amendment deliberate medical indifference claims. April Order at 7. Of relevance herein, the Court dismissed the access-to-court claims because plaintiff had not described his non-frivolous legal claims with sufficient

specificity.  *Id.* at 8.  The Court also noted that plaintiff's legal issues surrounding his vehicle did not satisfy the injury requirement of a First Amendment claim.  *Id*. at 8-9.  The Court also dismissed plaintiff's due process claims related to money deducted from his inmate account holding that "unauthorized intentional destruction of prisoner's property may not be the basis for constitutional claims if sufficient post deprivation remedies are available to address the claim."  *Id.* at 11 (citation omitted).

In his motion for reconsideration, plaintiff argues that the Court misconstrued the factual allegations in the pleading, "misinterpreted" the law related to his Fourteenth Amendment claim, and failed to recognize a claim*. See generally* Dkt. No. 16.

**C. Analysis**

**1. Misstated Facts**

The Court summarized plaintiff's allegations related to a pat-frisk on December 22, 2022 as follows:

> On December 2, 2022, Thomas issued a misbehavior report charging plaintiff with creating a disturbance, interference, harassment, a movement violation, and disobeying a direct order.  Dkt. No. 1-1 at 27.  Thomas reported that plaintiff informed him that he was going to the law library.  *Id*. Thomas told plaintiff that he had not followed procedures and would not be permitted to cross from the South Yard to the library.  *Id*. Plaintiff began arguing with Thomas. *Id*. Thomas conducted a "pat frisk" during which plaintiff accused Thomas of touching his genitals.  Am. Compl. at ¶ 14; Dkt. No. 1-1 at 27.

April Order at 5.

In the motion, plaintiff alleges that the Court "misconstrued" the facts and claims that Thomas was present while defendant Correctional Officer John Doe (with red hair), "fondled" plaintiff.  Dkt. No. 16 at 2.

4

A motion for reconsideration may be granted when a Court overlooks claims, but it may not be used as a vehicle to assert new claims. *See Fann v. Arnold*, No. 14-CV-6187, 2016 WL 2858927, at *2 (W.D.N.Y. May 16, 2016) (citation omitted); *Gaind v. Cordero*, 515 F. App'x 68 (2d Cir. 2013); *see also Humbach v. Canon*, No. 13-CV-2512, 2016 WL 3647639, at *3 (S.D.N.Y. June 30, 2016) (refusing to consider new claims asserted in motion to reconsider). The amended complaint does not contain an Eighth Amendment cause of action related to the pat-frisk. Therefore, while plaintiff argues that the facts were "misconstrued," this purported "error" does not impact the analysis or the holdings in the Court's prior Order. Despite this conclusion and affording plaintiff's pleadings the "special solicitude" due to pro se plaintiff's, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006), the Court grants reconsideration on this claim and will determine whether this claim survives sua sponte review pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262–63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

"Because sexual abuse of a prisoner by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." *Boddie v. Schnieder*, 105 F.3d 857,

861 (2d Cir. 1997).  "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." *Crawford v. Cuomo*, 796 F.3d 252, 256-57 (2d Cir. 2015).

Here, plaintiff alleges that John Doe "fondled" him during a pat-frisk.  Dkt. No. 16 at 2. As presently constituted, the pleading does not allow the Court to infer that John Doe acted with malicious intent to satisfy the subjective analysis.  Rather, the facts "evinces a penological purpose[.]"  *Haywood v. Annucci*, No. 18-CV-10913, 2022 WL 4357648, at *12 (S.D.N.Y. Sept. 20, 2022) (finding no subjective intent based upon the claim that the defendant "smirked" during a strip-frisk).  Moreover, the facts do not suggest that John Doe's conduct was "objectively serious."  Courts in this Circuit have consistently held that the conduct alleged herein, i.e., incidental to a "run of the mill pat frisk" is not sufficient to support an Eighth Amendment claim.  *See Cole v. Suffolk Cnty. Corr. Facility*, No. 20-CV-1883, 2020 WL 2113205, at *4 (E.D.N.Y. May 4, 2020) (dismissing Eighth Amendment claim because frisks were not "particularly lengthy or violent" and carried out in the public and were the "type of incidental contact accompanying a run-of-the-mill pat down" without "inappropriate touching or malicious intention"); *see also Haywood*, 2002 WL 4357648, at *12 (reasoning that the plaintiff did not offer any "timeframe for the duration of this inappropriate touching" which would allow the Court "to infer that the touch lasted more than a fleeting moment"); *Carzoglio v. Abrams*, No. 18-CV-04198, 2022 WL 2193376, at *8 (S.D.N.Y. June 17, 2022) (dismissing Eighth Amendment claim based upon a pat frisk that "lasted for no more than 3 seconds") (collecting cases), *appeal dismissed* (Jan. 5, 2023).

Thus, the complaint fails to state an Eighth Amendment claim against C.O. John Doe.

### 2. Fourteenth Amendment Claim

In his motion for reconsideration, plaintiff reiterates facts previously asserted in the complaint and maintains that the Court erred because it "downplay[ed] and "minimized" his property claim related to his vehicle.  Dkt. No. 16 at 2.

These allegations do not alter the outcome of the Court's decision with respect to this Fourteenth Amendment claim.  Plaintiff has not presented new facts and has not cited to any caselaw which would mandate that the Court's prior decision be vacated and has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error.  Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.

### 3. Violation of Auburn Law Library Procedures

Plaintiff moves for reconsideration arguing that the Court overlooked his cause of action related to the claim that "officers" and Thomas violated Auburn C.F. Law Library Procedures (FOM #P7-01). Dkt. No. 2 at 2, 12-13.

While the amended complaint does not contain any cause of action for violations of plaintiff's constitutional rights based upon the failure to follow facility directives, affording plaintiff's pleadings the "special solicitude," the Court grants reconsideration on this claim and will determine whether this claim survives sua sponte review pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

A section 1983 claim brought in federal court is not the appropriate forum to raise

violations of prison regulations.  *See Hyman v. Holder*, No. 96-7748, 2001 WL 262665, at *6 (S.D.N.Y. Mar. 15, 2001) (concluding that allegations that prison officials failed to follow prison regulations are not sufficient to give rise to a Section 1983 claim).  Because an official's failure to comply with a DOCCS directive does not give rise to a Section 1983 claim, all claims asserted in plaintiff's complaint on that basis are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim upon which relief may be granted. *See Flynn v. Ward*, No. 9:15-CV-1028 (GLS/CFH), 2015 WL 8056060, at *4 (N.D.N.Y. Dec. 4, 2015) (dismissing section 1983 claim based upon the argument that the defendants' conduct was "contrary to Section 21.04 of the FOM").

### III.    CONCLUSION

**ORDERED**, that plaintiff's motion for reconsideration (Dkt. No. 16) is **GRANTED in part and DENIED in part** consistent with this Order; it is further

**ORDERED** that the Eighth Amendment claims against C.O. John Doe and claims based upon the failure to adhere to facility directives are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

**DATED:** May 5, 2023

Thomas J. McAvoy
Senior, U.S. District Judge