UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROY TAYLOR,

                                            Plaintiff,                  9:23-cv-17
                                                                                     (ECC/MJK)

v.

THOMAS, et al.,

                                            Defendant.

---

**Appearances:**

Roy Taylor, *Plaintiff, pro se*
Aimee Cowan, Asst. Att'y Gen., *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Roy Taylor commenced this civil rights action in the Southern District of New York asserting claims under 42 U.S.C. § 1983 arising out of his incarceration. Dkt. No. 2. Plaintiff's request to proceed in formal pauperis was granted. Dkt. No. 4. The claims related to Auburn Correctional Facility (Auburn) were severed and transferred to this district. Dkt. No. 6. After review of the Amended Complaint, the only remaining claim is a First Amendment retaliation claim against Defendant Matthew Thomas. Dkt. No. 13. On March 21, 2024, Defendant filed a motion for summary judgment, and it was referred to United States Magistrate Judge Mitchell J. Katz, who issued a Report-Recommendation and Order on January 23, 2025, recommending that Defendant's motion for summary judgment be granted. Dkt. Nos. 45, 49. Magistrate Judge Katz advised the parties that under 28 U.S.C. § 636(b)(1) they had fourteen days to file written objections and that failure to object within fourteen days would preclude appellate

review.  Dkt. No. 49.  Plaintiff subsequently filed objections to the Report-Recommendation.[1] Dkt. No. 50.

## II.    STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted).  Properly raised objections must be "specific and clearly aimed at particular findings" in the report.  *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).  "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."  *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted).  Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error.  *Id.*

## III.    DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection and finds no clear error in those portions including the background, the legal framework, and the recommendation that Defendant's motion for summary judgment for

---

[1] This case was reassigned to the undersigned on October 2, 2025.  Dkt. No. 53.

failure to exhaust administrative remedies be denied.[2] Familiarity with the Report-Recommendation is presumed for purposes of this decision.

As an initial matter, Plaintiff claims that the Northern District of New York is biased and often rules for parties represented by the Attorney General. Dkt. No. 50 at ¶¶ 1, 7, 13. This generalized, conclusory objection is not directed at any specific factual determination or legal conclusion in the Report-Recommendation and is therefore reviewed for clear error. After carefully reviewing the Report-Recommendation for clear error related to bias, the Court finds none.

A.  **Summary Judgment on the Retaliation Claim**

Magistrate Judge Katz recommended granting summary judgment to Defendant on his First Amendment retaliation claim. Dkt. No. 49 at 15-17. Specifically, Magistrate Judge Katz concluded that Plaintiff has not offered sufficient evidence for a jury to find retaliatory motive. *Id.* Plaintiff objects to Magistrate Judge Katz's conclusion that his claim should be dismissed. Dkt. No. 50.[3]

Plaintiff argues that Magistrate Judge Katz relies on cases that are not relevant. Dkt. No. 50 at ¶¶ 4, 5. Specifically, he asserts that Magistrate Judge Katz relied on assault cases involving

---

[2] To the extent Plaintiff's objection suggests that Magistrate Judge Katz should not have concluded that Plaintiff failed to exhaust administrative remedies, Dkt. No. 50 at ¶ 5, any such assertion is wrong. Because Magistrate Judge Katz did not make such a finding. Instead, Magistrate Judge Katz recommended denying Defendant's motion to the extent that it relied on exhaustion because Defendant has not established any such failure for purposes of the summary judgment motion. Dkt. No. 49 at 7.

[3] Plaintiff failed to respond to Defendants' motion for summary judgment. Plaintiff's failure to oppose Defendants' motion results in the admission of properly supported facts, however the Court must still ensure those facts show Defendant is entitled to judgment as a matter of law. *See Jackson v. Federal Express*, 766 F.3d 189, 194 (2d Cir. 2014) (a non-response to a summary judgment motion does not risk default because the district court must ensure that each statement of material fact is supported by the record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed) (citing *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*,

3

inmates at another prison who were gang members, while he is Muslim, many guards at Auburn are gay, abusive, and "get off" on conduct like Plaintiff has alleged. *Id.* at ¶ 4. In addition, he argues that "the *Moore* case" cited by Magistrate Judge Katz "doesn't match" his case. *Id.* at ¶ 5.

Regarding the assault cases cited by Magistrate Judge Katz, Plaintiff seems to be articulating a concern that Magistrate Judge Katz did not adequately consider that he is Muslim, many guards at Auburn are gay, abusive, and "get off" on conduct like Plaintiff has alleged. *Id.* ¶ 4. Such a broad, conclusory objection requires review of the Report-Recommendation for clear error. Magistrate Judge Katz concluded that (1) Plaintiff did not suffer any adverse consequences as a result of the December 2nd misbehavior report, Dkt. No. 49 at 13-14, and (2) Plaintiff did not offer sufficient facts for a jury to conclude that Defendant had retaliatory motive because Defendant submitted a sworn declaration stating that he did not know about Plaintiff's September 19th grievance, and Plaintiff's conclusory testimony that "word gets around when you file a grievance," and "when you file grievances against an officer, they automatically know," was not sufficient to create a genuine disputed issue of a material fact. *Id.* at 13, 15-16. The Court finds no clear error in that analysis.

Regarding the *Moore* citation, Magistrate Judge Katz cited to *Jackson v. Moore,* No. 9:21-cv-1001 (GTS/ATB), 2023 WL 4710869, at *2 (N.D.N.Y. Apr. 14, 2023), *report and recommendation adopted,* 2023 WL 4711091 (N.D.N.Y. July 24, 2023), to support the statement that when a *pro se* litigant has actual notice of the consequences of failing to comply with Fed. R. Civ. P. 56, and fails to respond, then "courts in this district have routinely held" that "the Court may accept defendant's factual assertions in the Statement of Material Facts as true to the extent

---

373 F.3d 241, 242-46 (2d Cir. 2004) (even when a motion for summary judgment is not opposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law)).

they are supported by the evidence in the record." Dkt. No. 49 at 5. Here, Plaintiff received notice of the summary judgment motion and failed to respond, but Magistrate Judge Katz still "thoroughly considered" Plaintiff's deposition testimony in the light most favorable to Plaintiff. *Id.* at 7.

Plaintiff also asserts that "guard do such as intimidation and trashing appeals & failure to protect claims, once it's known an inmate is filing grievance against guard I was a victim of intimidation and was in fear of going to the yard at Auburn afraid guards would put hands on me!" Dkt. No. 50 at ¶ 5. To the extent Plaintiff is asking this Court to consider facts that may not have been considered by Magistrate Judge Katz, the Court is not obligated to review this evidence. *See Deashon T. v. Comm'r Soc. Sec.*, 8:23-cv-1541(MAD/MJK), 2024 WL 402389, at *3 (N.D.N.Y. Sep. 3, 2024). Nevertheless, given Plaintiff's pro se status, the Court has reviewed this information. Applying a de novo standard of review, the Court agrees with Magistrate Judge Katz's conclusions that Plaintiff's "general and conclusory assertions" were not sufficient to create a genuine disputed material fact regarding Defendant's knowledge of the allegedly improper pat frisk and that Plaintiff has not offered any evidence that Defendant made statements demonstrating a retaliatory animus or that Defendant "orchestrated the pat-frisk to be performed by other corrections officer in such a manner." Dkt. No. 49 at 17.

### B. Eighth Amendment Claim

Plaintiff also refers to the Eighth Amendment in his objections. Dkt. No. 50 at ¶ 7, 9, 10, 11, 12. Senior United States District Judge Thomas J. McAvoy previously dismissed Plaintiff's Eighth Amendment claim. Dkt. No. 13 at 5-7. Given this procedural posture, clear error review

5

is appropriate. *Clarke*, 367 F. Supp. 3d at 74-75. The Court has reviewed Magistrate Judge Katz's recommendation for clear error and finds none.

IV.     **CONCLUSION**

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Katz's Report-Recommendation, Dkt. No. 49, is **ADOPTED** in its entirety, and it is further

**ORDERED** that Defendants' motion for summary judgment, Dkt. No. 45, is **GRANTED**, and it is further

**ORDERED** that the Amended Complaint, Dkt. No. 11, is **DISMISSED**, and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to close this case, and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 31, 2025

_____
Elizabeth C. Coombe
U.S. District Judge